# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| **GIOVANNI TADEO MENDOZA,** § | | |
| Plaintiff, § | | |
| § | | |
| v. § | Cause No. 3:22-cv-1294 | |
| § | | |
| **QUIJANO BROTHERS, LLC,** § | | |
| § | | |
| Defendant. § | A Jury is Demanded. | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Defendant Quijano Brothers, LLC, ("Quijano Brothers"), implements a business plan that includes paying non-exempt hourly employees the same hourly rate for all hours worked, even those hours over 40 per workweek. Defendant's failure to pay the overtime premium required by law allows it to gain an unfair advantage over competitors who follow the law in their employment practices. Plaintiff Giovanni Tadeo Mendoza ("Mendoza" or "Plaintiff") is an non-exempt employee of Defendant that was paid hourly but not paid overtime pay. Mr. Mendoza brings this lawsuit against Defendant to recover unpaid overtime that is required by the Fair Labor Standards Act ("FLSA").

## Facts Supporting Relief

### Allegations Related to Mr. Mendoza's Claims

1. Quijano Brothers, LLC, is a construction company servicing various construction projects around the country, including those in Alvarado, Texas. Quijano Brothers is a general contractor doing both residential and commercial construction work.

2. Mr. Mendoza worked for Quijano Brothers as a foreman and travel coordinator. Mr. Mendoza was an employee from June 16, 2020 through January of 2022. Mr. Mendoza left his job because of the illegal pay practices, long hours, extensive travel, and lack of overtime.

Guevara's duties included, but were not limited to, general contracting and construction work, supervising the other workers while engaging in the same or similar construction work, arranging and carrying out transportation for the various employees to and from the sites.  Mr. Mendoza was not completely in charge and while he could make recommendations on hiring and firing decisions, he was specifically told that he could not do this on his own and had to seek permission from his supervisor, Jose Quijano.

3. During the time he worked for the Defendant, Mr. Mendoza regularly worked in excess of 40 hours per week.

4. Defendants paid Mr. Mendoza on an hourly basis.  Mr. Mendoza's regular schedule was to work approximately 56 hours per week. Defendants did not pay Mr. Mendoza an overtime premium for any of the hours he worked over 40 in a workweek.  Instead, Mr. Mendoza was paid the same hourly rate for all the hours he worked, to the extent that he was actually paid ("straight time"). Despite Defendant's knowledge of Mr. Mendoza's working overtime, Defendant did not pay Mr. Mendoza the overtime premium.

## Allegations Regarding FLSA Coverage

5. Defendant is covered by and subject to the overtime requirements of the FLSA.

6. During each of the three years prior to this complaint being filed, Defendant was an enterprise engaged in interstate commerce, operating on interstate highways, purchasing materials through commerce, transporting materials through commerce and on the interstate highways, conducting transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

7. During each of the three years prior to this complaint being filed, Defendant regularly owned and operated businesses engaged in commerce or in the production of goods for

commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §203(r) and 203(s).

8. During each of the three years prior to this complaint being filed, Defendant conducted sufficient business to exceed an annual gross volume of sales of at least $500,000 (exclusive of excise taxes) based upon the volume of business.

9. During each of the three years prior to this complaint being filed, Defendant's employees used goods, tools, equipment or materials that traveled in interstate commerce; that is, goods, tools, equipment or materials that were grown, made or manufactured outside the state of Texas and in the normal course of conducting business around the country. In addition, Defendant's employees regularly arranged for shipment of goods between the various states.

## Mr. Mendoza's Claims

10. Defendant was legally required to pay Mr. Mendoza overtime pay for all hours that he worked for Defendant over 40 in any workweek.

11. Mr. Mendoza worked, and was paid for, over 40 hours in many workweeks that he worked for Defendants.

12. Defendant did not pay Mr. Mendoza time-and-a-half for any of the overtime hours that he worked for the Defendants. Defendants' underpayment of Mr. Mendoza, often referred to as "wage theft," allowed Defendant to gain an unfair advantage in the marketplace as compared to other construction businesses that pay their employees all of the money required by law.

## Cause of Action

### Violation of the FLSA – Failure to Pay Overtime Wages Owed

13. Defendants violated the FLSA by failing to pay Mr. Mendoza overtime pay for hours worked over 40 per workweek.

14. Mr. Mendoza has suffered damages as a direct result of Defendants' illegal actions.

15. Defendant are liable to Mr. Mendoza for unpaid overtime compensation, liquidated damages, attorney's fees and costs of Court under the FLSA.

**Defendant, Jurisdiction, and Venue**

16. Defendant Quijano Brothers, LLC. is a North Carolina corporation and an "employer" as defined by the FLSA. This Defendant may be served with process pursuant to the Texas Long-Arm Statute by serving the Texas Secretary of State, who will mail the service papers to Defendant's registered agent, Trinidad Mondragon Luna at 911 Russ Lane, Gastonia, North Carolina 28056.

17. This Court has federal question jurisdiction under the FLSA, and venue is proper pursuant to 28 U.S.C. § 1391(b), as Defendants and Mr. Mendoza transacted business within this judicial district, and the events underlying this complaint occurred within this judicial district as well.

**Demand for Jury**

18. Mr. Mendoza demands a trial by jury.

**Prayer for Relief**

WHEREFORE, Giovanni Tadeo Mendoza demands:

1. Judgment against Defendant for an amount equal to Mr. Mendoza's unpaid overtime wages at the applicable rate;
2. An equal amount to the overtime wage damages as liquidated damages;
3. To the extent that liquidated damages are not awarded, an award of prejudgment interest;
4. All costs and attorney's fees incurred prosecuting these claims;
5. Leave to amend to add claims under applicable state laws; and
6. For such further relief as the Court deems just and equitable.

Respectfully Submitted,

**THE BUENKER LAW FIRM**

*/s/ Thomas H. Padgett, Jr.*
Thomas H. Padgett, Jr.
TBA No. 154055420
tpadgett@buenkerlaw.com
Josef F. Buenker
TBA No. 03316860
jbuenker@buenkerlaw.com
P.O. Box 10099
Houston, Texas 77206
713-868-3388 Telephone
713-683-9940 Facsimile

**ATTORNEY-IN-CHARGE FOR
PLAINTIFF GIOVANNI TADEO MENDOZA**

**Of Counsel:**

Steven R. Samples
State Bar No. 24086348
Samples Ames
460 West Harwood Road
Hurst, Texas 76054
817-605-1505
855-605-1505 Fax
docket@tex.law